```
BENJAMIN B. WAGNER
United States Attorney
PHILIP A. FERRARI
AUDREY HEMESATH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2744
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CLAYTON JAY KLOCK, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Case. No. CR-S-07-574 GEB <br><br> REQUEST THAT TRIAL DATE BE VACATED AND MATTER BE SET FOR STATUS CONFERENCE <br><br> Date: March 19, 2010 <br> Time: 9:00 a.m. <br> Hon. Garland E. Burrell, Jr. |

    The United States and defendant Clayton Klock hereby request that the Court vacate the currently pending trial date and set the matter for a status conference to be heard on March 19, 2010.

    The defendant is charged with theft of government property, in violation of 18 U.S.C. § 641, and making a false statement as to a material matter for use in determining his right to receive Supplemental Security Income benefits, in violation of 42 U.S.C. § 1383a(a)(2). Both counts relate to the fact that the defendant married in May of 2003. It is alleged that he failed to inform the

1

Social Security Administration (SSA) of this fact, that he falsely denied being married during an interview with in June of 2004, and that because of the assets jointly owned by he and his wife, he was not eligible to receive Title XVI benefits.

This case was assigned to the undersigned prosecutor on February 4, 2010.  From February 5, 2010, through the trial confirmation hearing on February 12, 2010, the government obtained and produced 118 additional documents, consisting primarily of conviction documents and records from the defendant's divorce proceeding.  On February 16, 2010, government personnel met with a lay witness, the defendant's former wife, who provided select documents to the government and indicated there were more in her possession.  The government produced the four documents it received. Those documents prompted additional investigation that revealed facts indicating the defendant may have applied for and received an alternate Social Security Number.  It is the government's allegation he did so using a false date of birth and name for his mother.  The government obtained and produced five documents relating to this allegation on February 19, 2010.  Counsel for defendant was advised of the government's intention to introduce this evidence under Rule 404(b).

Also on February 19, 2010, the government received an additional 88 documents from the SSA Field Office in Sonora, California, and from the San Joaquin County Court.  Those documents were produced the following business day, February 22, 2010.  In addition, on February 19, 2010, the government met again with the lay witness and obtained possession of approximately 1,200 additional documents from her.  Review of these documents was

delayed, because it appeared some documents may have contained communications between the defendant and former attorneys. A taint review was performed, selected documents removed, and the assigned prosecutors were able to review the documents on February 23, 2010. That review led to the discovery of a document indicating the defendant may have made a second, similar false statement denying his marriage to Social Security in April of 2004, this time in the course of applying for Title II benefits. On today's date, the undersigned obtained a copy of that statement from the defendant's Title II Social Security file. Counsel for the defendant was informed of the existence of this statement and of the government's intention to introduce it under Rule 404(b). In addition, counsel for defendant was informed of the forthcoming production of the approximately 1,200 documents provided by the lay witness. Most of these documents relate to the lay witness' financial records and thus are relevant to the defendant's eligibility for Title XVI benefits. Because of the sensitive nature of the financial information within these documents, the parties are in the process of negotiating the terms of a protective order. In addition, counsel for the defendant has been made aware of the fact that the government has subpoenaed and is expecting additional documents, including records relating to two of the defendant's bank accounts.

    Citing the additional Rule 404(b) evidence and forthcoming volume of documents derived from the lay witness, counsel for the defendant requested that the government stipulate to a continuance of the trial date. Because of the volume and relevance of the documents described above, the government agreed to submit this stipulation.

       For all of the foregoing reasons, the parties request that the trial date be vacated, and the matter be set for a status conference on March 19, 2010.  The parties further request that time be excluded from calculation under the Speedy Trial Act from the date of this order through the date of the status conference set for March 19, 2010, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv) [reasonable time to prepare] (Local Code T4).

DATED: February 25, 2010          /s/ Olaf W. Hedberg
                                  OLAF W. HEDBERG
                                  Attorney for Defendant


DATED: February 25, 2010          BENJAMIN B. WAGNER
                                  United States Attorney


                             By:  /s/ Philip A. Ferrari
                                  PHILIP A. FERRARI
                                  Assistant U.S. Attorney

       Therefore, **IT IS HEREBY ORDERED** that:

       1.  The hearing on motions in limine and the jury trial, currently set to commence on March 8 and March 9, 2010, respectively, are hereby vacated.

       2.  A further status conference is set for March 19, 2010, at 9:00 A.M.  Based upon the above representations and stipulation of the parties, the Court finds that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial.  Accordingly, time under the Speedy Trial Act shall be excluded from the date of this Order through the status conference on March 19, 2010.

Dated:  February 25, 2010

                                  _____
                                  GARLAND E. BURRELL, JR.
                                  United States District Judge