BENJAMIN B. WAGNER
United States Attorney
PHILIP A. FERRARI
AUDREY HEMESATH
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. No. S-07-574 GEB |
| ) | |
| Plaintiff, ) | <u>STIPULATION REGARDING</u> |
| ) | <u>PROTECTIVE ORDER; and ORDER</u> |
| v. ) | |
| ) | |
| CLAYTON JAY KLOCK, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of certain sensitive but unclassified discovery materials to anyone not a party to the court proceedings in this matter;

WHEREAS, the parties agree that entry of a stipulated protective order is appropriate;

IT IS HEREBY AGREED AND STIPULATED that:

1.  This Court may enter a protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2.  The defendant is charged in this matter making a false statement to the Social Security Administration so as to continue

receiving benefits to which he was not entitled.  In particular, the false statement concerned denying his marriage to L.D.M.  This information was material because L.D.M. possessed assets which, if made known to the Social Security Administration, would have rendered the defendant ineligible for benefits.  In preparing for trial, the government recently came into possession of documents possessed by L.D.M. which are relevant to the issue of her past financial state, and thus the defendant's eligibility for benefits.  The marriage between L.D.M. and the defendant was annulled by the San Joaquin County Superior Court on March 6, 2006, on the ground of fraud in the inducement (Case FL 341298).  The proceeding was contested.

3.  Many of the documents in question include personal identifying information, including bank account numbers and balances, tax returns, and other sensitive financial information.  Out of concern for the sensitive information contained within these documents, the parties have agreed to enter into this Stipulated Protective Order.  This Order pertains to all discovery produced by the Government in this matter with the bates pre-fix "Klock-LM" (hereinafter, "covered discovery").

4.  Defense counsel shall not disclose or disseminate any of the covered discovery to any person other than: (a) the defendant, or (b) any other attorneys, law clerks, paralegals, secretaries or investigative personnel who are working under counsel's direction in the representation of his client.  Defense counsel must contact the government and obtain its explicit written consent to disseminate this information to any individual(s) other than those noted.

5.  All covered discovery is provided to the defendant solely

2

for the purpose of allowing him to prepare his defense.

6. The covered discovery is now and will forever remain the property of the United States Government. Defense counsel will return the covered discovery to the government at the conclusion of this case or provide notice that it has been destroyed.

7. Defense counsel will store and maintain custody of the covered discovery, or any copies made thereof, in a secure place and will use reasonable care to insure that it is not disclosed to third persons in violation of this Stipulated Protective Order. Defense counsel, or employees acting under the direction of defense counsel, may transport the covered discovery to meetings with the defendant and may allow the defendant to review the materials as necessary, however defense counsel agrees that he will maintain ultimate custody of the materials.

8. Defense counsel shall advise any person to whom the covered discovery is disclosed of the following: (a) all recipients of the covered discovery are bound by all the terms of this Stipulated Protective Order, including those terms which prohibit dissemination of the information to any other person; and (b) an unauthorized use or dissemination of the information may constitute a violation of law and/or contempt of court.

9. Nothing herein constitutes a waiver of any right of the defendant, nor does anything herein restrict in any way, the right of the defense to use the covered discovery in connection with the preparation of their defense.

///

///

///

1      10.  A copy of this Stipulated Protective Order shall be issued
2 forthwith to counsel for the defendant, who shall be responsible for
3 advising the defendant and defense counsel employees of the contents
4 of this Stipulated Protective Order.

6 DATED: February 26, 2010           __/s/ Olaf W. Hedberg_____
                                     OLAF W. HEDBERG, ESQ.
7                                    Attorney for Defendant

9 DATED: February 26, 2010           BENJAMIN B. WAGNER
                                     United States Attorney

12                                   By:  ___/s/ Philip A. Ferrari_
                                          PHILIP A. FERRARI
13                                        Assistant U.S. Attorney

14 IT IS SO ORDERED.
15 DATED:   March 4, 2010.

16                                   EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE

4