BENJAMIN B. WAGNER
United States Attorney
PHILIP A. FERRARI
AUDREY B. HEMESATH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2744

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case. No. CR-S-07-574 GEB |
| ) | |
| Plaintiff, ) | |
| ) | GOVERNMENT'S APPLICATION TO |
| ) | CONTINUE TRIAL DATE TO AUGUST |
| v. ) | 31, 2010 |
| ) | [PROPOSED] ORDER |
| CLAYTON JAY KLOCK, ) | |
| ) | |
| Defendant. ) | Date: August 31, 2010 |
| ) | Time: 9:00 a.m. |
| ) | Hon. Garland E. Burrell, Jr. |

**APPLICATION**

The United States hereby requests that the Court continue the currently pending trial date to August 31, 2010. The defendant does not object to this request.

On the afternoon of July 28, 2010, the defendant provided the government with an eleven page report by David S. Moore, a forensic document examiner. Mr. Moore's examination focused upon the defendant's alleged signature on a June 3, 2004 redetermination statement which was used by the Social Security Administration to

1

determine the defendant's eligibility for benefits.  That document included a statement by the defendant that he was not currently married, which the government alleges was false.  It is this statement that underlies count two in the Indictment (charging the making of a false statement for use in the determination of benefit eligibility under 42 U.S.C. §1383a(a)(2)).  In his report, Mr. Moore concludes that the signature on the June 3, 2004 redetermination form "is not the genuine signature" of the defendant.  He further opines that the signature "contains features and characteristics that are associated with a tracing."

The defendant's trial brief, filed July 28, 2010, reveals that Mr. Moore's opinion is the central feature of his defense.  As such, despite the fact that the defense disclosure was not timely, the government will not be moving for the exclusion of Mr. Moore's testimony in timeliness grounds.[1]  However, it does not appear that the government will be able to have an independent examination and report done in time for the currently set August 3 trial date.  After reviewing the report, on July 28, 2010, the undersigned attempted to make contact with document examiners employed by the California Department of Justice, the United States Secret Service, and the Federal Bureau of Investigation.  This morning, July 29, 2010, the undersigned was able to consult with a document examiner from the FBI and was informed that an examination of the evidence could not be performed in time for the August 3, 2010 trial date.

On timeliness grounds, the government notes that it provided notice to the defendant of the importance of the June 3, 2004

---

[1] The government reserves the right to file a motion to exclude or limit the proposed testimony on other grounds.  Any such motion will be filed well in advance of the new proposed date.

2

statement as early as December 27, 2007, when the Indictment was returned.  Count Two explicitly references the defendant's June 3, 2004 statement.  Despite prior requests for reciprocal discovery, it was not until less than a week before trial that the government received the report opining that a) the document did not contain the defendant's genuine signature, and b) the signature on the document was a tracing.  The government requests the ability to have this opinion and the facts and conclusions underlying it presented to its own expert before proceeding to trial.

    In addition, as referenced in its trial brief, the government intends to call Louise Mitchell as a witness in its case-in-chief.  Ms. Mitchell was married to the defendant during a time period that he was receiving SSI benefits, and it is the government's contention that, because of her assets, the defendant was ineligible to receive these benefits during the relevant time period.  Early last week the government was informed that Ms. Mitchell was in an assisted living facility but it was anticipated she would return to her home by the end of the week.  Yesterday, July 28, 2010, the government learned that Ms. Mitchell had been transferred to a different assisted living facility and was still in that location.  Today, July 29, 2010, the government met with Ms. Mitchell and was informed that she would not be able to travel to Sacramento to testify next week.  Accordingly, as related to counsel for the defendant this morning, the government plans to move to take Ms. Mitchell's deposition under Federal Rule of Criminal Procedure 15.

    For all of the foregoing reasons, the government requests that the currently pending trial date be continued to August 31, 2010.  As stated previously, the defendant does not object to this request.

1  The parties further request that time be excluded from calculation
2  under the Speedy Trial Act from the date of this order through
3  August 31, 2010, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv)
4  [reasonable time to prepare] (Local Code T4).

DATED: July 29, 2010              BENJAMIN B. WAGNER
                                  United States Attorney

                             By:  /s/ Philip A. Ferrari
                                  PHILIP A. FERRARI
                                  Assistant U.S. Attorney


DATED: July 29, 2010              /s/ Philip A. Ferrari for/
                                  OLAF W. HEDBERG
                                  Attorney for Defendant


**ORDER**

   Therefore, **IT IS HEREBY ORDERED** that:

   Good cause having been shown, the jury trial currently set for August 3, 2010, is continued to August 31, 2010.  Based upon the above representations, the Court finds that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial.  Accordingly, time under the Speedy Trial Act shall be excluded from the date of this Order through August 31, 2010.

   IT IS SO ORDERED.

Dated:  July 29, 2010

                                  _____
                                  GARLAND E. BURRELL, JR.
                                  United States District Judge