```
BENJAMIN B. WAGNER
United States Attorney
PHILIP A. FERRARI
AUDREY B. HEMESATH
Assistant U.S. Attorneys
501 I Street, Room 10-100
Sacramento, California  95814
Telephone:  (916) 554-2744
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　 )<br>　　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　 )<br>　　　　v.　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　 )<br>CLAYTON KLOCK, 　　　　　　 )<br>　　　　　　　　　　　　　　　 )<br>　　　　　　　Defendant. 　　)<br>_____) | CR. No. S-07-0574 GEB<br><br>UNOPPOSED MOTION TO DISMISS COUNT TWO AND [proposed] ORDER THEREON |

　　　For the reasons discussed below, the United States hereby requests that the Court dismiss without prejudice Count Two from the above-referenced indictment.  The Government intends to proceed at trial on Count One.

　　　The indictment charges in Count One that beginning on a date unknown, but not later than in or about May, 2003, and continuing thereafter to in or about March, 2006, in the Eastern District of California, the defendant Clayton Klock knowingly stole money, of value exceeding $1,000, of the Social Security Administration, specifically Social Security Supplemental Security Income payments made to him to which he was not entitled totaling $18,609, in violation of Title 18, United States Code, Section 641.  Count Two

charges that on or about June 3, 2004, Klock knowingly and willfully made and caused to be made a false statement and representation of a material fact for use in determining his right to receive Supplemental Security Income benefits, in violation Title 42, United States Code, Section 1383a(a)(2).

The basis of Count Two is a response the defendant allegedly gave to Social Security during the course of a redetermination proceeding.  Periodically, Social Security contacts SSI recipients to determine whether they are still eligible for benefits.  In 2004, this was typically done during a phone interview.  Based upon the answers given during the interview, a form including the beneficiary's answers was printed out and mailed to the beneficiary for his signature.  In this case, among other things, the form included the statement, "I am not married now."  In fact, on or about May 7, 2003, the defendant married Louise D. Mitchell, and they remained married until March of 2006.  The redetermination form was purportedly signed by the defendant on June 3, 2004, and mailed back to Social Security.

Two forensic handwriting analysts have examined this document and come to the same conclusion – it does not contain the defendant's genuine signature, and it includes indentations which are characteristic of a tracing.  In addition, the government had the document analyzed for fingerprints.  Although some prints were recovered, the defendant's were not.

The facts set forth above do not establish who is responsible for the signature, nor do they address who fielded the call from Social Security.  However, the government submits they provide sufficient cause for the government's motion under Federal Rule of

```
1  Criminal Procedure 48(a) to dismiss Count Two.  Counsel for
2  defendant has been advised of this motion and indicated that he has
3  no opposition to it being granted.
4
5  DATED: November 15, 2010          BENJAMIN B. WAGNER
                                     United States Attorney
6
7                                    By:    /s/ Philip A. Ferrari
                                     PHILIP A. FERRARI
8                                    AUDREY B. HEMESATH
                                     Assistant U.S. Attorneys
```

                                    O R D E R

For the reasons stated above, it is hereby ORDERED that pursuant to Fed.R.Crim.P. 48(a), Count Two in indictment CR S 07-0574 GEB is dismissed without prejudice.

Dated:  November 15, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge