```
BENJAMIN B. WAGNER
United States Attorney
PHILIP A. FERRARI
AUDREY B. HEMESATH
Assistant U.S. Attorneys
501 I Street, Room 10-100
Sacramento, California  95814
Telephone:  (916) 554-2744
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                            )<br>           Plaintiff,      )<br>                            )<br>      v.                    )<br>                            )<br>CLAYTON KLOCK,              )<br>                            )<br>           Defendant.       )<br>_____) | CR. No. S-07-0574 KJM<br><br>UNOPPOSED MOTION TO DISMISS<br>INDICTMENT AND ORDER |

   For the reasons discussed below, the United States hereby requests that the Court dismiss the above-referenced indictment.

   The indictment originally returned in this cased charged in Count One that beginning on a date unknown, but not later than in or about May, 2003, and continuing thereafter to in or about March, 2006, in the Eastern District of California, the defendant Clayton Klock knowingly stole money, of value exceeding $1,000, of the Social Security Administration, specifically Social Security Supplemental Security Income payments made to him to which he was not entitled totaling $18,609, in violation of Title 18, United States Code, Section 641.  Count Two charged that on or about June 3, 2004, Klock knowingly and willfully made and caused to be made a

false statement and representation of a material fact for use in determining his right to receive Supplemental Security Income benefits, in violation Title 42, United States Code, Section 1383a(a)(2).

The basis of Count Two was a response the defendant allegedly gave to Social Security during the course of a redetermination proceeding. Periodically, Social Security contacts SSI recipients to determine whether they are still eligible for benefits. In 2004, this was typically done during a phone interview. Based upon the answers given during the interview, a form including the beneficiary's answers was printed out and mailed to the beneficiary for his signature. In this case, among other things, the form included the statement, "I am not married now." In fact, on or about May 7, 2003, the defendant married Louise D. Mitchell, and they remained married until March of 2006. The redetermination form was purportedly signed by the defendant on June 3, 2004, and mailed back to Social Security.

Two forensic handwriting analysts examined that document and come to the same conclusion – it does not contain the defendant's genuine signature, and it includes indentations which are characteristic of a tracing. In addition, the government had the document analyzed for fingerprints. Although some prints were recovered, the defendant's were not.

The government previously moved for the dismissal of Count Two, and that motion was granted. Docket, #67. The government proceeded towards trial, and gave notice that it intended to introduce under Rule 404(b) evidence that in April of 2004, the defendant also signed an application for Social Security Retirement benefits in

1  which the same misrepresentation regarding his marital status was
2  put forward.  As has been disclosed to the defense, the government's
3  hand-writing expert examined this document, and is not able to opine
4  that it contains the defendant's genuine signature.[1]

5  The facts set forth above do not establish who is responsible
6  for the signatures on either document, and they have nothing to do
7  with the fact that the defendant was receiving funds to which he was
8  not entitled.  However, those facts do bear on the evidence the
9  government will be able to present regarding the defendant's
10 knowledge and intent.  These issues, coupled with concerns regarding
11 the efficient allocation of government resources, provide sufficient
12 cause for the government's motion under Federal Rule of Criminal
13 Procedure 48(a) to dismiss the pending indictment, and vacate the
14 pending trial date.  Counsel for defendant has been advised of this
15 motion and indicated that he has no opposition to it being granted.

17 DATED: July 7, 2011                     BENJAMIN B. WAGNER
                                           United States Attorney

19                                         By:    /s/ Philip A. Ferrari
                                           PHILIP A. FERRARI
20                                         AUDREY B. HEMESATH
                                           Assistant U.S. Attorneys

---

[1] The government notes that the defendant did not raise the issue of whether his signature was on these documents until just prior to the previously set August 2010 trial date.

O R D E R

For the reasons stated above, it is hereby ORDERED that pursuant to Fed.R.Crim.P. 48(a), the indictment Cr.S 07-0574 KJM is dismissed.

Date: July 8, 2011.

_____
UNITED STATES DISTRICT JUDGE